-UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KENNETH PAGLIAROLI,** | Civil Action No. 19-21505 (FLW) |
| **Plaintiff,** | |
| v. | **MEMORANDUM & ORDER** |
| **NEW JERSEY DEPARTMENT OF CORRECTIONS, et al.,** | |
| **Defendants.** | |

This matter has been opened to the Court by a motion to dismiss brought by the New Jersey Department of Corrections ("NJDOC") and the State of New Jersey (collectively the "State Defendants") seeking dismissal of Plaintiff's Complaint for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6). For the reasons explained in the Memorandum and Order, the motion to dismiss is GRANTED.

Plaintiff is currently incarcerated at New Jersey State Prison, in Trenton, NJ. On or about May 20, 2019, Plaintiff filed a *pro se* Complaint in the Superior Court of New Jersey, Law Division, Mercer County, under docket number MER-L-983-19, against the State Defendants, as well as Rutgers University Corr. Healthcare, Rutgers University, and various medical personnel, including Dr. Nwachukwu, Provider Ms. Jackson, Provider Joy Camarllio, Nurse Petterni, Terrence Collier, and Lindsay Pettorinis.

In his Complaint, Plaintiff alleges three "counts" for relief: Count One, concerning a left shoulder injury; Count Two, alleging denial of medical treatment, and Count Three, alleging an attempt by medical staff to hide medical information about his kidneys. *See* Plaintiff's Complaint (Exhibit A) at ¶¶ 12-15. Each Count of Plaintiff's Complaint is supported by a

1

combined Statement of Facts, which details Plaintiff's medical treatment between March and December 2017 by various medical personnel named in Plaintiff's Complaint. *See* Exhibit A, Statement of Facts. Plaintiff's Complaint seeks $500,000.00 in damages and also seeks unspecified injunctive relief to enjoin further harm. *See* Complaint at 21.

On October 24, 2019, the Summons/Complaint for State Defendants was served and proof of service was filed on the State Court docket. On December 18, 2019, Attorneys for Defendants Rutgers, the State University of New Jersey, University Correctional Health Care, and Dr. Nwachukwu ("Rutgers Defendants") filed a Notice of Removal with the Clerk of the United States District Court for the District of New Jersey, with the consent of State Defendants. *See* ECF No. 1. The State Defendants' Motion to Dismiss now follows.[1]

State Defendants assert that to the extent any alleged constitutional claims can be construed against them, the claims must be dismissed because the State Defendants are not "persons" amenable to suit under 42 U.S.C. § 1983 or the New Jersey Civil Rights Act ("NJCRA"). The Court agrees.

To succeed on a claim under 42 U.S.C. § 1983, a plaintiff must show: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a federally secured right. *See, e.g., Moore v. Tartler*, 986 F. 2d 682, 685 (3d Cir. 1983). In pertinent part, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party

---

[1] The Rutgers Defendants have likewise moved to dismiss the Complaint, *see* ECF No. 13, and the Court will address that motion in a separate decision.

>   injured in an action at law, suit in equity, or other proper
>   proceeding for redress.

To be liable within the meaning of the statute, a defendant must be a "person." *See, e.g.*, *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989).  It is well established, however, "that neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* at 71; *see also Duran v. Merline*, 923 F. Supp.2d 702, 2013 WL 504582 at *20, n. 4 (D.N.J. 2013) (citing *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 539 (D.N.J.1989) (the New Jersey Department of Corrections is not a person under § 1983)); N.J.S.A. 30:1B (establishing "in the Executive Branch of the State Government a principal department which shall be known as the Department of Corrections").  Similarly, only "a person acting under color of law," is a proper defendant under the NJCRA.  *See* N.J.S.A. § 10:6–2(c); *see also Didiano v. Balicki*, 488 F. App'x 634, 638–39 (3d Cir. 2012) (holding that NJDOC is not a person under the NJCRA and thus cannot be sued under the NJCRA and affirming grant of summary judgment on Section 1983 and NJCRA claims in favor of NJDOC and NJDOC official sued in official capacity for damages).

In his Opposition Brief, Plaintiff states that he is the victim of a policy, practice or custom of deliberate indifference, medical malpractice, and retaliation by unidentified corrections staff for his filing of grievances, and that his experience is not isolated but is part of a pattern by Defendants.  *See* ECF No. 8, Opposition Brief at 2.  Many of the allegations in Plaintiff's Opposition Brief are not included in his Complaint.  *See* Exhibit A.

Setting this issue aside, Plaintiff may not bring a *Monell*-style claim against the State of New Jersey or the NJDOC.  Under *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), <u>local government units</u> may be sued directly under Section 1983 if "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision

officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690. The State of New Jersey and NJDOC are not local government units, and, unlike local governments entities, these State Defendants are not "persons" amenable to suit under § 1983. As such, Plaintiff's assertion that his claims are based on policies and/or customs does not change the Court's analysis.

Plaintiff also appears to assert that his claims against State Defendants should not be dismissed because he is also suing them for violations of state law. As noted by Defendants, Plaintiff's Complaint does not expressly assert any claims arising under state law against the State Defendants. Moreover, any such claims against the State of New Jersey and the NJDOC would be subject to dismissal for failure to comply with the notice requirements of the New Jersey Tort Claims Act ("TCA"). *See Polynice v. New Jersey Department of Corrections*, No. 19-16875, 2020 WL 2764818, at *6 (D.N.J. May 28, 2020) (dismissing TCA claims for failure to allege the plaintiff met the notice requirement under N.J.S.A. 59:-8-8 and in the absence of facts showing substantial compliance with such requirements); *Niblack v. SCO Malbreen*, No. 15-5298, 2016 WL 1628881, at *3 (D.N.J. Apr. 25, 2016) (dismissing TCA claims for failure to allege the plaintiff met the notice of claim requirements); *Van Valen v. Lanigan*, No. 18-11441, 2020 WL 859330, at *5 (D.N.J. Feb. 21, 2020) (same); *Pinson v. Perera*, No. 19-17227, 2020 WL 3542383, at *4 (D.N.J. Jun. 30, 2020) (same).

Because State Defendants are not persons under § 1983, the Court will grant the motion to dismiss the Complaint against the State Defendants, and the direct the Clerk of the Court to terminate the State of New Jersey and the NJDOC from the docket.

IT IS THEREFORE, on this 27th day of August 2020,

ORDERED that the motion to dismiss, ECF No. 6, brought by State Defendants is GRANTED; and it is further

ORDERED that the § 1983 and NJCRA claims against the State of New Jersey and the NJDOC are dismissed WITH PREJUDICE; and it is further

ORDERED that the Clerk of the Court shall terminate the State of New Jersey and the NJDOC from the docket; and it is further

ORDERED that the Clerk of the Court shall send a copy of this Memorandum and Order to Plaintiff at the address on file.

/s/ Freda L. Wolfson  
Hon. Freda L. Wolfson  
U.S. Chief District Judge