UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KENNETH PAGLIAROLI,** | Civil Action No. 19-21505 (FLW) |
| **Plaintiff,** | |
| v. | **MEMORANDUM OPINION** |
| **NEW JERSEY DEPARTMENT OF CORRECTIONS, et al.,** | |
| **Defendants.** | |

This matter has been opened to the Court by a motion to dismiss brought by Defendants Rutgers, The State University of New Jersey ("Rutgers") (improperly pled as Rutgers University), University Correctional Health Care ("UCHC") (improperly pled as Rutgers University Correctional Health Care), and Dr. Ihuoma Nwachukwu, M.D. ("Dr. Nwachukwu") (collectively, "Medical Defendants"), seeking dismissal of Plaintiff's Complaint for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6). ECF No. 13. For the reasons explained in the Memorandum and Order, the motion to dismiss is GRANTED in Part and DENIED in part. The Court will also deny without prejudice Plaintiff's motion to stay. *See* ECF No. 22.

I. **FACTUAL BACKGROUND**[1]

In his Complaint, Plaintiff asserts that Dr. Nwachukwu and other medical providers at New Jersey State Prison ("NJSP") provided him inadequate medical care from approximately March-December 2017 in connection with his shoulder injury. *See* ECF No. 1, Complaint at 11-19. Although Plaintiff acknowledges that he was provided with some medical care, he asserts, in

---

[1] The following factual allegations are recounted from the Complaint and taken as true for the purposes of the dismissal motion.

1

relevant part, that Dr. Nwachukwu continued to reduce his pain medication despite the fact that Plaintiff told her that he was experiencing increasingly intense pain.[2] *See* ECF No. 1, Complaint at 12. Because the pain was so severe, Plaintiff asked to go to the hospital or be referred to a specialist, and he was placed on a list to see a specialist. *See id.* He was provided with alternative pain medications, but the intense pain continued, and by May 2017, Plaintiff's arm locked and he could not lift it at all. *See id.* at 12-13.

Plaintiff received a pass to see Dr. Nwachukwu and she ordered an injection of Toradol, a non-narcotic medication, which helped manage the pain for a short period. *See id.* at 13. According to Plaintiff, Provider Jackson warned Dr. Nwachukwu that Plaintiff could not have the injection due to his renal disease, but the doctor permitted him to have the injection anyway. *See id.* Ultimately, Plaintiff could not receive another injection or continue this treatment because the medication was contraindicated due to Plaintiff's renal disease, a condition Plaintiff did not know he had. *See id.* at 14-16.

Plaintiff continued to have intense pain for the next six months, and Dr. Nwachukwu canceled his appointment and would not allow other providers to see him. *See id.* at 16. Plaintiff asserts that Dr. Nwachukwu delayed referring him to a specialist for surgery in order to "cover up" her decisions to give Plaintiff the Toradol and other medications that would aggravate his renal disease. *Id.* Plaintiff eventually received shoulder surgery in December 2017. *See id.*

Plaintiff's Complaint seeks $500,000.00 in damages and also seeks unspecified injunctive relief to enjoin further harm. *See* Complaint at 21.

---

[2] According to the Complaint, Dr. Nwachukwu told Plaintiff that the state required her to reduce or change his medication as a result of the opioid crisis and that she had no control over the decision. *See id.*

On or about May 20, 2019, Plaintiff filed a *pro se* Complaint in the Superior Court of New Jersey, Law Division, Mercer County, under docket number MER-L-983-19, against the New Jersey Department of Corrections ("NJDOC") and the State of New Jersey (collectively the "State Defendants"), UCHC, Rutgers, and various medical personnel, including Dr. Nwachukwu, Provider Ms. Jackson, Provider Joy Camarillo, Nurse Petterni, Terrence Collier, and Lindsay Pettorinis.  On December 18, 2019, attorneys for the Medical Defendants filed a Notice of Removal with the Clerk of the United States District Court for the District of New Jersey, with the consent of State Defendants.  *See* ECF No. 1.  The Court subsequently granted the State Defendants' motion to dismiss.  *See* ECF No. 21.  The Medical Defendants' motion to dismiss now follows.  Plaintiff opposes dismissal of his claims against the Medical Defendants.  *See* ECF No. 18.

On September 4, 2020, long after briefing of the motion to dismiss was completed, Plaintiff filed a "motion to stay" this matter, citing limited access to the law library due to the novel coronavirus disease 2019 ("COVID-19").  *See* ECF No. 22.

## II.     STANDARD OF REVIEW

In resolving a motion to dismiss for failure to state a claim, under Rule 12(b)(6), "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)); *see also Zimmerman v. Corbett*, 873 F.3d 414, 417–18 (3d Cir. 2017), *cert. denied* 138 S. Ct. 2623 (2018); *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010).

3

As a pro se litigant, Plaintiff is entitled to liberal construction of his complaint. *See Liggon–Redding v. Estate of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011). To survive dismissal under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. ANALYSIS

#### a. The Medical Defendants' Motion to Dismiss

The Medical Defendants construe Plaintiff to seek relief pursuant to 42 U.S.C. § 1983 and argue that Plaintiff fails to state a claim for relief against Defendant Dr. Nwachukwu because Plaintiff's Complaint shows he was provided medical care for his left shoulder, and he merely disagrees with Dr. Nwachukwu's medical treatment decisions. *See* ECF No. 13-1, Medical Defendants' Brief at 6-11.

"[T]he Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide basic medical treatment to those whom it has incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). The Courts assess Eighth Amendment claims for inadequate medical care under the familiar "deliberate indifference" test set forth in *Estelle v. Gamble*, 429 U.S. at 103–05; *see also Brown v. Deparlos*, 492 F. App'x. 211, 214–15 (3d Cir. 2012) (citing *Estelle* standard); *Hubbard v. Taylor*, 399 F.3d 150, 166 & n. 22 (3d Cir. 2005) (same). Under this standard, a plaintiff must provide facts showing "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *See Natale v. Camden County Correctional*

4

*Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (citing *Rouse*, 182 F.3d at 197).  The seriousness of Plaintiff's shoulder injury does not appear disputed for purposes of this motion.

The test for "deliberate indifference" requires that the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Natale*, 318 F.3d at 582.  To demonstrate the deliberate indifference prong of *Estelle*, a plaintiff must show that the defendants were more than merely negligent in diagnosing or treating his serious medical condition.  Mere medical malpractice or disagreement with the proper treatment of an illness cannot give rise to a violation of the Eighth Amendment.  *White v. Napoleon*, 897 F.2d 103, 108 (3d Cir. 1990); *see also Rouse*, 182 F.3d at 197.  The Court of Appeals has concluded that the deliberate indifference standard is met "when prison officials 1) deny reasonable requests for medical treatment, and the denial exposes the inmate to undue suffering or the threat of tangible residual injury, 2) delay necessary medical treatment for non-medical reasons, or 3) prevent an inmate from receiving recommended treatment for serious medical needs, or deny access to a physician capable of evaluating the need for treatment." *Whooten v. Bussanich*, 248 F. App'x. 324, 326–27 (3d Cir. 2007) (citing *Monmouth v. Lanzaro*, 834, F.2d 326, 346–47 (3d Cir. 1987); *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993)).  The Third Circuit has also held that prison officials who continue a course of treatment they know is painful, ineffective, or entails a substantial risk of serious harm act with deliberate indifference.  *See Rouse*, 182 F.3d at 197; *White*, 897 F.2d at 109.

The Court will deny the motion to dismiss as to Defendant Nwachukwu in connection with her alleged inadequate treatment of Plaintiff's left shoulder.  According to the Complaint,

Dr. Nwachukwu allegedly continued reducing Plaintiff's pain medication even though he informed the doctor that he was in intense pain. When the pain became so severe that Plaintiff's arm locked and he could not lift it at all, Dr. Nwachukwu ordered an injection of Toradol, but this course of treatment could not be continued because the medication was contraindicated due to Plaintiff's renal disease. Plaintiff continued to have intense pain for months after the Toradol was stopped, and he asserts Dr. Nwachukwu canceled his appointment and refused to allow other providers to see him to "cover up" her decision to order the Toradol injection and other contraindicated medications despite Plaintiff's medical history of renal disease.[3] The Court is satisfied at this early stage of the proceedings that Plaintiff has pleaded sufficient facts to suggest that Defendant Dr. Nwachukwu exhibited deliberate indifference to his serious medical condition by allegedly delaying treatment for nonmedical reasons, which resulted in undue suffering, and by allegedly persisting in an ineffective course of treatment. The Court makes no determination about whether Plaintiff will be able to prove any of these allegations, but he has pleaded sufficient facts to state a "plausible" claim for relief against this Defendant. *See Iqbal*, , 556 U.S. at 678. As such, the motion to dismiss as to Dr. Nwachukwu is denied.

The Medical Defendant next argue that the that UCHC is not a "suable entity"[4] and, even if UCHC and/or Rutgers can be sued under § 1983, Plaintiff fails to state a claim for relief as to these entity Defendants. Entities like Rutgers and UCHC, which are presumably providing

---

[3] Although providing Plaintiff with a contraindicated injection of pain medication may amount to mere medical negligence, Plaintiff asserts that the mistake motivated Dr. Nwachukwu's to cancel his appointment and delay his medical treatment for his shoulder and caused him further pain.

[4] The Medical Defendants assert that UCHC is an "unincorporated constituent unit" of Rutgers but does not explain the legal significant of this status or provide any supporting legal citations for the argument that it is not a "suable entity." As such, the Court does not consider this argument and will assume for purposes of this motion that UCHC and/or Rutgers can be sued under § 1983.

healthcare services for the state pursuant to a contract, "cannot be held responsible for the acts of its employees under a theory of *respondeat superior* or vicarious liability." *See Natale*, 318 F.3d at 583–84 (citing *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978). Here, Plaintiff would need to provide facts showing that UCHC and/or Rutgers had a relevant policy or custom, and that the policy or custom caused the constitutional violation he alleges. *See id.* (considering standard of proof at summary judgment) (citing *Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997). Because Plaintiff has not provided no facts to suggest that a policy or custom of Rutgers and/or UCHC caused the constitutional violation, he fails to state a claim for relief against these entities, and the Court with grant the motion to dismiss and dismiss the Complaint <u>without prejudice</u> as to these Defendants.[5]

      **b. The Motion to Stay**

Plaintiff has filed a motion for a stay due to COVID-19 and the resulting limitations on law library access. Because Plaintiff's Complaint, construed liberally, fails to state a claim for relief as to Rutgers and UCHC, additional research or legal assistance would not have altered the Court's conclusion. Furthermore, it is not clear whether Plaintiff is unable to participate in discovery or otherwise litigate his case due to limitations on law library access. For these reasons, the Court will deny the motion to stay without prejudice. Plaintiff is free to seek extension of time in writing if he is unable to comply with court deadlines due to restricted law library access or access to legal assistance in the prison. He may also renew his motion, if appropriate, but must explain in detail the restrictions associated with COVID-19 that prevent him from litigating his case.

---

[5] Plaintiff is given leave to submit an Amended Complaint within 45 days with respect to these Defendants if he can provide facts that would cure the deficiencies in his claims against them.

## IV. CONCLUSION

For the reasons explained in this Memorandum Opinion, the Medical Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is DENIED as to Defendant Nwachukwu and GRANTED as to Defendants Rutgers and UCHC. Plaintiff's motion to stay is DENIED without prejudice. An appropriate Order follows.

/s/ Freda L. Wolfson
Freda L. Wolfson,
U.S. Chief District Judge

DATED: September 18, 2020