# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH PAGLIAROLI, | Civil Action No. 19-21505 (FLW) |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

This matter has been opened to the Court by a motion to dismiss brought by Defendants Rutgers, The State University of New Jersey ("Rutgers"), University Correctional Health Care ("UCHC"), and Dr. Ihuoma Nwachukwu, M.D. ("Dr. Nwachukwu") (collectively, "Medical Defendants"), seeking dismissal of Plaintiff's Amended Complaint for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6). ECF Nos. 26, 28. For the reasons explained in this Memorandum and Order, the motion to dismiss the Amended Complaint is GRANTED. The Court will provide Plaintiff with 45 days to submit an all-inclusive Second Amended Complaint, which will replace all prior complaints in this action.

## I. FACTUAL BACKGROUND

On or about May 20, 2019, Plaintiff filed a *pro se* Complaint in the Superior Court of New Jersey, Law Division, Mercer County, under docket number MER-L-983-19, against the New Jersey Department of Corrections ("NJDOC") and the State of New Jersey (collectively the "State Defendants"), UCHC, Rutgers, and various medical personnel, including Dr. Nwachukwu, Provider Ms. Jackson, Provider Joy Camarillio, Nurse Petterni, Terrence Collier, and Lindsay Pettorinis. On December 18, 2019, attorneys for the Medical Defendants filed a Notice of

Removal with the Clerk of the United States District Court for the District of New Jersey, with the consent of State Defendants. *See* ECF No. 1. The Court subsequently granted the State Defendants' motion to dismiss and dismissed the claims against NJDOC and the State of New Jersey with prejudice. *See* ECF No. 21.

The Medical Defendants then moved to dismiss Plaintiff's Complaint, and the Court granted the motion to dismiss the Complaint as to Rutgers and UCHC but denied the motion to dismiss as to Defendant Nwachukwu in connection with her alleged inadequate treatment of Plaintiff's left shoulder.[1] *See* ECF Nos. 23-24. The Court permitted Plaintiff to file an Amended Complaint against Defendants Rutgers and UCHC. *See id.*

On October 8, 2020, Plaintiff submitted his Amended Complaint. ECF No. 26. The Amended Complaint contains very few factual allegations and focuses solely only on Defendants Rutgers and UCHC. *See id.* According to the Amended Complaint, Defendants Rutgers and UCHC "engaged in illegal and unlawful conduct, and the policy, practice and custom of encouraging and permitting staff to medical staff to engage in a pattern of deceitful conduct thereby violating the constitutional rights of the Plaintiff." Amended Complaint ¶ 3. Plaintiff also alleges that Defendants Rutgers and UCHC have "jointly and severally engaged in a

---

[1] According to the Original Complaint, Dr. Nwachukwu allegedly continued reducing Plaintiff's pain medication even though he told her was in intense pain. When the pain became so severe that Plaintiff's arm locked and he could not lift it at all, Dr. Nwachukwu ordered an injection of Toradol, but this course of treatment could not be continued because the medication was contraindicated due to Plaintiff's renal disease. Plaintiff continued to have intense pain for months after the Toradol was stopped, and he asserts Dr. Nwachukwu canceled his appointment and refused to allow other providers to see him to "cover up" her decision to order the Toradol injection and other contraindicated medications despite Plaintiff's medical history of renal disease. The Court held that Plaintiff pleaded sufficient facts showing that Defendant Dr. Nwachukwu exhibited deliberate indifference to his serious medical condition by allegedly delaying treatment for nonmedical reasons, which resulted in undue suffering, and by allegedly persisting in an ineffective course of treatment.

longstanding and persistent pattern of deliberate indifference to plaintiff[']s serious medical and mental health needs and continues at the writing of this complaint, failed to exercise the degree of care and skill commonly exercised by other physicians in like cases in diagnosis and treatment of plaintiff having regard to the existing state of knowledge in[,] and have engaged in policies and practices which precludes plaintiffs ability to obtain adequate medical care." *Id.* ¶ 8.

## II. STANDARD OF REVIEW

In resolving a motion to dismiss for failure to state a claim, under Rule 12(b)(6), "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)); *see also Zimmerman v. Corbett*, 873 F.3d 414, 417–18 (3d Cir. 2017), *cert. denied* 138 S. Ct. 2623 (2018); *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010).

As a pro se litigant, Plaintiff is entitled to liberal construction of his complaint. *See Liggon–Redding v. Estate of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011). To survive dismissal under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. ANALYSIS

The Medical Defendants argue that the Amended Complaint fails to state a claim for relief against Rutgers and UCHC. The Court agrees. As the Court explained in its prior

3

Opinion, entities like Rutgers and UCHC, which provide healthcare services for the state pursuant to a contract, "cannot be held responsible for the acts of its employees under a theory of *respondeat superior* or vicarious liability." *See Natale v. Camden County Correctional Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003) (citing *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978). Thus, to state a claim for relief, Plaintiff would need to provide facts showing that Rutgers and/or UCHC had a relevant policy or custom, and that the policy or custom caused the constitutional violation he alleges. *See id.* (considering standard of proof at summary judgment) (citing *Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)).

To proceed on a *Monell* theory, a plaintiff must identify a specific policy or custom of the entity that caused the constitutional violation at issue and must typically allege a pattern of similar past conduct to show that the entity was on notice that the policy or custom caused the alleged violation. *See, e.g.*, *Schlaybach v. Berks Heim Nursing & Rehabilitation*, 839 F. App'x. 759, 760 (3d Cir. 2021) (affirming dismissal of *Monell* claim where Plaintiff did not sufficiently allege that County hospital had a history of providing inadequate care to nursing home residents after they fall or was otherwise indifferent to their post-fall medical needs and failed to allege a pattern of prior incidents evidencing deliberate indifference).

At best, Plaintiff's Amended Complaint restates the legal elements of a *Monell* policy claim, which are "not entitled to the assumption of truth" and are insufficient to take its claim "from conceivable to plausible." *Iqbal*, 556 U.S. at 680; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007). There are no well-pleaded factual allegations identifying or describing the policy or custom at issue or explaining how this policy or custom encouraged or permitted medical staff to engage in deceitful conduct. Nor does the Amended Complaint set forth facts

4

showing that a policy or custom implemented by Rutgers or UCHC prevented Plaintiff from obtaining adequate medical care.[2]  Finally, Plaintiff does not allege a pattern of prior violations and appears to rely on a single instance of misconduct.  Because Plaintiff has not provided sufficient facts to suggest that a policy or custom of Rutgers and/or UCHC caused the constitutional violation(s) at issue, the Amended Complaint fails to state a claim for relief against Rutgers and UCHC, and the Court grants the motion to dismiss.  The Amended Complaint is dismissed <u>without prejudice</u> in its entirety.

As noted by Defendants, the Court previously denied the Medical Defendants' motion to dismiss Eighth Amendment claims of deliberate indifference against Defendant Nwachukwu, <u>as pleaded in the Original Complaint</u>.  Plaintiff, however, does not reallege these Eighth Amendment claims against Defendant Nwachukwu in the Amended Complaint and instead includes only allegations against Defendants Rutgers and UCHC.[3]  Because the allegations against Rutgers and UCHC fail to state a claim for relief, and the Court has granted the Medical Defendants' motion to dismiss the Amended Complaint, there is currently no live complaint in this action.

In light of Plaintiff's *pro se* status, the Court will provide him with leave to amend to submit a single all-inclusive Second Amended Complaint that includes his allegations against

---

[2] It is not clear if Plaintiff seeks to bring state law claims for negligence, but any such claims are conclusory and without sufficient factual support.

[3] "[I]n general, an amended pleading—like the amended complaint here—supersedes the earlier pleading and renders the original pleading a nullity." *Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017) (citing *W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013); 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2010)). Here, Plaintiff, was given leave to submit an Amended Complaint to cure the deficiencies in his claims against Rutgers and UCHC but failed to reallege his allegations against Dr. Nwachukwu and the other medical providers.  Going forward, Plaintiff is warned that any amended complaint he submits will replace <u>all prior complaints</u> in this matter.

Defendants Nwachukwu, Rutgers, UCHC, and the other unserved medical providers.[4] Plaintiff shall submit his Second Amended Complaint within 45 days of the date of this Memorandum and Order or this matter shall be dismissed with prejudice and closed. To the extent Plaintiff submits a Second Amended Complaint, the Medical Defendants shall file a responsive pleading or move to dismiss within the time provided by Rule 12.

**IT, IS THEREFORE**, on this 25th day of May 2021,

**ORDERED** that the Medical Defendants' motion to dismiss the Amended Complaint is GRANTED; and it is further

**ORDERED** that the Amended Complaint is dismissed WITHOUT PREJUDICE; and it is further

**ORDERED** that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this action; and it is further

**ORDERED** that within 45 days of the date of this Order, Plaintiff may submit an all-inclusive Second Amended Complaint as explained in this Memorandum and Order; and it is further

**ORDERED** that to the extent Plaintiff files a Second Amended Complaint against any of the Medical Defendants, the Medical Defendants shall submit a responsive pleading or move to dismiss the Second Amended Complaint in accordance with Rule 12; and it is further

---

[4] To be clear, the Court will permit Plaintiff to reallege his deliberate indifference claims against Dr. Nwachukwu in his Second Amended Complaint. To the extent he can cure the deficiencies in his *Monell* claims, Plaintiff may also include claims against Rutgers and/or UCHC. To the extent Plaintiff wishes to proceed against Provider Ms. Jackson, Provider Joy Camarillio, Nurse Petterni, Terrence Collier, and Lindsay Pettorinis, he must reallege the claims against these Defendants in his Second Amended Complaint, and must also effect service on these Defendants.

**ORDERED** that failure to respond to the Court's Memorandum and Order within the timeframe provided will result in the dismissal of this matter with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Plaintiff at the address on file.

/s/ Freda L. Wolfson
Freda L. Wolfson,
U.S. Chief District Judge