UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH PAGLIAROLI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　Defendants. | Civil Action No. 19-21505 (FLW)<br><br><br>MEMORANDUM AND ORDER |

　　This matter has been opened to the Court by Plaintiff's filing of an IFP application and application for pro bono counsel. *See* ECF No. 50. In the Court's prior Order, the Court denied without prejudice Plaintiff's informal request for pro bono counsel because Plaintiff had not established that he is indigent or received *in forma pauperis* status in this matter, which was removed from the Superior Court of New Jersey. Moreover, Plaintiff did not address the factors for appointing pro bono counsel in a civil action, as outlined in *Tabron v. Grace*, 6 F.3d 147, 158 (3d Cir. 1993).[1] In light of Plaintiff's request for pro bono counsel, the Court directed the Clerk of the Court to send Plaintiff an application to proceed *in forma pauperis* ("IFP application") for prisoners. The Court informed Plaintiff that if he wished to renew his request for pro bono

---

[1] The "critical threshold determination" for appointing counsel is whether the case "has arguable merit in fact and law." *See Tabron*, 6 F.3d at 158. In deciding whether to appoint counsel the Court also considers the following factors: (1) the applicant's ability to present his or her case; (2) the complexity of the legal issues presented; (3) the degree to which factual investigation is required and the ability of the applicant to pursue such investigation; (4) whether credibility determinations will play a significant role in the resolution of the applicant's claims; (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can afford counsel on his or her own behalf. *Tabron*, 6 F.3d at 155-157. If Plaintiff received IFP status and files a motion for pro bono counsel, he should address whether these factors support appointing counsel in this matter.

1

counsel, he must submit a complete IFP application, including a certified six-month account statement, showing his prisoner account balance for the last six months.

The Court also explained that if it granted Plaintiff's IFP application, the Court would screen the remaining claims and Defendants in the Second Amended Complaint for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B), and direct the Clerk of the Court to send Plaintiff an application for pro bono counsel and the Marshal forms for serving any additional Defendants that remained after the Court's screening opinion.

Plaintiff subsequently submitted an incomplete IFP application, without the certified six-month account statement, as well as an application for pro bono counsel. *See* ECF No. 50. At this time, the Court will deny WITHOUT PREJUDICE the IFP application as incomplete and direct the Clerk of the Court to terminate the motion for pro bono counsel at ECF No. 50.[2] If Plaintiff submits a certified six-month account statement within 30 days of the date of this Order, the Court will grant the IFP application, screen the remaining claims and Defendants for dismissal, and send Plaintiff the forms for serving any unserved Defendants. At that time, the Court will also direct the Clerk of the Court to reactivate Plaintiff's application for pro bono counsel.

**IT IS, THEREFORE**, on this 28th day of April 2022,

**ORDERED** that Plaintiff's IFP application is DENIED WITHOUT PREJUDICE (ECF No. 50); and it is further

**ORDERED** that Plaintiff is directed to file a certified account statement showing his prisoner account balance for the last six months, within 30 days of the date of this Memorandum and Order; and it is further

---

[2] Plaintiff has not established he is indigent for purposes of applying for pro bono counsel.

2

**ORDERED** that the Clerk of the Court shall TERMINATE the motion for pro bono counsel pending at ECF No. 50 pending Plaintiff's response to this Order; and it is further

**ORDERED** that if Plaintiff submits the certified account statement as directed by the Court, the Court will screen the remaining claims and Defendants in the Second Amended Complaint for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B), and direct the Clerk of the Court to send Plaintiff the Marshal forms for serving any additional Defendants that remain after the Court's screening opinion; and it is further

**ORDERED** that once Plaintiff establishes he is indigent by submitting a complete IFP application, the Court will also direct the Clerk of the Court to reactivate the motion for pro bono counsel; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Plaintiff at the address on file.

<u>s/Freda L. Wolfson</u><br>
Freda L. Wolfson,<br>
U.S. Chief District Judge